UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| CINCINNATI INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-04195-SLD-RLH |
| | ) | |
| SARAHANN SHERMAN, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court is Plaintiff Cincinnati Insurance Company's ("Cincinnati") motion to approve a proposed consent decree, ECF No. 21. Because the parties have settled the matter, Cincinnati, with Defendant SarahAnn[1] Sherman's consent, moves for the Court to enter an agreed upon judgment against Sherman. For the reasons that follow, the motion is DENIED.

**BACKGROUND**

Boss Pet Products, Inc. ("Boss Pet") filed suit against Sherman, alleging conversion and fraud. Compl. 9–10, ECF No. 1. Under an insurance policy between Boss Pet and Cincinnati, Cincinnati paid Boss Pet for its losses. Jan. 6, 2026 Text Order. As a result, Boss Pet's claim subrogated to Cincinnati, and Cincinnati replaced Boss Pet as Plaintiff. *Id.* Cincinnati subsequently filed a proposed consent judgment, ECF No. 20. The Court declined the implicit request of the parties to enter the order as a consent decree and, in the absence of any pending motion, directed the parties to file "a motion requesting entry of the proposed consent decree and a legal memorandum addressing the legal principles" required for the Court to enter a consent

---

[1] Sherman's first name is written as SarahAnn (or Sarahann) in some instances and Sarah Ann in others. Because the docket, the Complaint, ECF No. 1, and the Answer, ECF No. 5, all write Sherman's name as SarahAnn, the Court does so as well.

decree.  Feb. 4, 2026 Text Order.  Cincinnati subsequently filed the pending motion requesting entry of judgment, along with the proposed consent decree[2] and a memorandum supporting the request.  *See generally* Mot. Approve Consent Decree; Consent Decree, ECF No. 21 at 4;[3] Mem. Supp. Mot. Approve Consent Decree, ECF No. 21-1.  The proposed consent decree provides that "judgment is hereby entered in favor of Plaintiff and against Defendant in the amount of $396,607.00" and that "Defendant agrees to pay $150.00 per month towards the above judgment, beginning on February 5, 2026, and on the 5th of each month thereafter, until the judgment is fully satisfied."  Consent Decree 1.

## DISCUSSION

### I.    Legal Standard

"[A] consent decree proposed by the parties must (1) spring from and serve to resolve a dispute within the court's subject matter jurisdiction; (2) come within the general scope of the case made by the pleadings; and (3) further the objectives of the law upon which the complaint was based."  *Komyatti v. Bayh*, 96 F.3d 955, 960 (7th Cir. 1996) (alterations and quotation marks omitted).  Before entering a consent decree, the court must ensure that it is consistent with the law, does not undermine the rights of third parties, and "is an appropriate commitment of the court's limited resources."  *Kasper v. Bd. of Election Comm'rs of Chi.*, 814 F.2d 332, 338 (7th Cir. 1987); *In re Mem'l Hosp. of Iowa Cnty., Inc.*, 862 F.2d 1299, 1302 (7th Cir. 1988).  The Court addresses each requirement in turn.

---

[2] The terms "consent decree," "consent judgment," and "stipulated judgment" are all interchangeable. *See, e.g.*, *United States ex rel. Tri-City Elec. Co. of Iowa v. Alacran/O & SJV, LLC*, No. 4:11-cv-04109-SLD-JEH, 2014 WL 5473138, at *2 (C.D. Ill. Oct. 29, 2014).  For consistency, the Court will refer to the proposed order as a consent decree.

[3] Cincinnati attaches the proposed consent decree to the end of its motion for approval; however, the decree is not attached as an exhibit.  Because it is an independent document, the Court will cite the consent decree as if it were an exhibit, beginning on page 4 of the Motion to Approve Consent Decree.

## II.    Analysis

The proposed consent decree fulfills the *Komyatti* requirements.  First, it resolves the instant case against Sherman which is before the Court under its diversity jurisdiction.  *See* Compl. ¶ 3.  Second, it comes within the complaint's allegations.  The complaint alleges that, while working for Boss Pets, Sherman "conducted a scheme of converting customer credits to her own credit card, totaling in excess of $378,000.00."  Mem. Supp. Mot. Approve Consent Decree 2.  The complaint sought that amount in addition to prejudgment interest, punitive damages, attorneys' fees, and costs.  Compl. 10–11.  The proposed consent decree awards Cincinnati, as subrogee of Boss Pets, $396,607.00, which is in line with the relief requested in the complaint.  Consent Decree 1.  And lastly, the proposed consent decree furthers the objectives of the law upon which the complaint was based.  The complaint brings claims for fraud and conversion, Compl. 9–10, and the proposed consent decree requires Sherman to pay back what she stole and compensate the injured party for her fraud, Mem. Supp. Mot. Approve Consent Decree 3.

However, Cincinnati has not demonstrated that entering the proposed consent decree is an appropriate use of the Court's resources.  *See Kasper*, 814 F.2d at 338.  Cincinnati argues that the proposed consent decree would "eliminate[] the need for further litigation."  Mem. Supp. Mot. Approve Consent Decree 3.  But the consent decree requires Sherman to pay $150.00 per month toward the $396,607.00.  Consent Decree 1.  Presumably, the parties include this in the consent decree, rather than simply in a settlement agreement between the parties, so that Cincinnati can seek enforcement of the requirement in this Court.  Under this payment structure, it would take over 2,640 months or 220 years for Sherman to pay the entire amount due.  That means the Court could be involved in supervising this case for many more years.  "[A] federal

3

court is more than a recorder of contracts from whom private parties may purchase injunctions." *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986) (quotation marks omitted). Cincinnati does not explain why entering this consent decree is a good use of the Court's limited resources. Accordingly, Cincinnati's motion fails. *See, e.g.*, *United States ex rel. Tri-City Elec. Co. of Iowa v. Alacran/O & SJV, LLC*, No. 4:11-cv-04109-SLD-JEH, 2014 WL 5473138, at *4 (C.D. Ill. Oct. 29, 2014) (rejecting the parties' argument that their proposed consent decree was "appropriate because 'it avoids [the plaintiffs'] having to come back to the Court'" because entering a consent decree instead of a stipulation of dismissal actually "avoids nothing" (internal quotation marks omitted)).

The parties have other options. They can stipulate to dismiss this case under Federal Rule of Civil Procedure 41 (a)(1)(A)(ii) and enforce their settlement agreement as they would a private contract. Or they can ask the Court to dismiss this case under Federal Rule of Civil Procedure 41(a)(2) on the condition that Sherman pays Cincinnati $396,607.00 without the condition that Sherman pays $150.00 per month.

### CONCLUSION

For these reasons, Plaintiff Cincinnati Insurance Company's motion to approve a proposed consent decree, ECF No. 21, is DENIED. The Court DIRECTS the parties to file an appropriate motion no later than May 14, 2026.

Entered this 14th day of April, 2026.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE

4